UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ERNEST BILLIZONE, SR.**                                                         **CIVIL ACTION**

**VERSUS**                                                                                  **NO. 14-1271**

**SHERIFF NEWELL NORMAND, ET AL.**                                **SECTION: "F"(3)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED**.

Petitioner, Ernest Billizone, Sr., is a state prisoner incarcerated at the Jefferson Parish Correctional Center in Gretna, Louisiana. On September 12, 2007, he pleaded guilty to a number of crimes under Louisiana law and was sentenced as follows: convicted felon in possession of a firearm, ten years imprisonment; possession with intent to distribute cocaine, ten years; possession of cocaine, five years; theft over $500, ten years; and possession of stolen property over $500, ten years. It was ordered that all sentences run concurrently.[1]

---

[1] State Rec., Vol. 1 of 3, transcript of September 12, 2007; State Rec., Vol. 1 of 3, guilty plea form.

After being denied various forms of post-conviction relief in the state courts, petitioner filed the instant federal habeas corpus application.[2] The state filed a response opposing the application,[3] and petitioner filed a reply to the state's response.[4]

In his federal application, petitioner expressly states: "I am satisfied with my sentence and conviction."[5] He nevertheless lists two claims. With respect to his first ground for relief, he states:

> I am being held on a parole hold because of an alleged parole violation based upon an unconstitutional imposition of parole supervision after completing my sentence and being released "as if on parole." In my writ I am challenging the constitutionality of my release "<u>as if on parole</u>" as being a legal nullity …. [6]

With respect to his second ground for relief, he states:

> I along with others similarly situated am being subjected to serious bouts of substandard living conditions, lack of medical attention, denied prompt or proper access to the courts, denied liberty to make bail or receive (ROR) bond, being exposed to harmful mold, bacteria and pathogens which creates a hazard to health and life, all in violation to cruel and unusual punishment, due process of law and severe restraints to liberty, my 5th, 8th, and 14th amendments to United States Constitution.[7]

As to petitioner's first claim, that claim appears to be a challenge to the validity of La. Rev. Stat. Ann. § 15:571.5, which provides:

> A. When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole.
>
> B. (1) Before any prisoner is released on parole upon diminution of sentence, he shall be issued a certificate of parole that enumerates the conditions of parole. These conditions shall be explained to the prisoner and the prisoner shall agree in writing to such conditions prior to his release on parole.
>
> (2) The person released because of diminution of sentence pursuant to this Part shall be supervised in the same manner and to the same extent as if he were released on

---

[2] Rec. Doc. 1.
[3] Rec. Doc. 11.
[4] Rec. Doc. 14.
[5] Rec. Doc. 1, p. 2.
[6] Rec. Doc. 1, p. 5.
[7] Rec. Doc. 1, p. 7.

>    parole.  The supervision shall be for the remainder of the original full term of
>    sentence.  If a person released because of diminution of sentence pursuant to this
>    Part violates a condition imposed by the parole committee, the committee shall
>    proceed in the same manner as it would to revoke parole to determine if the release
>    upon diminution of sentence should be revoked.
>
>    C. If such person's parole is revoked by the parole committee for violation of the
>    terms of parole, the person shall be recommitted to the department for the remainder
>    of the original full term, subject to credit for time served for good behavior while
>    on parole.

The United States Fifth Circuit Court of Appeals has held that challenges to La. Rev. Stat. Ann. § 15:571.5 are appropriately brought in a habeas corpus petition.  Damond v. Leblanc, 552 Fed. App'x 353, 354 (5th Cir. 2014), cert. denied, 134 S. Ct. 2846 (2014).

The state argues that this first claim is unexhausted.  Regardless of whether a petitioner is seeking habeas corpus relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, he must first exhaust his remedies in the state courts.  See 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of state remedies in habeas corpus actions brought pursuant to § 2254); Edge v. Stalder, 83 Fed. App'x 648 (5th Cir. 2003) (exhaustion of state remedies is likewise required in habeas corpus actions brought pursuant to 28 U.S.C. § 2241); Dickerson v. Louisiana, 816 F.2d 220, 225 (5th Cir. 1987) (same).  Moreover, as the United States Fifth Circuit Court of Appeals has explained:

>    [A] claim is not exhausted unless the habeas petitioner provides the *highest state court* with a fair opportunity to pass upon the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.

Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (emphasis added; quotation marks omitted).

Petitioner has filed only three writ applications with the Louisiana Supreme Court in connection with the instant convictions, i.e. the writ applications filed in case numbers 07-KH-1504, 08-KH-1294, and 10-KH-0384.[8]  This Court has reviewed those three writ applications,

---

[8] State Rec., Vol. 3 of 3, certification from the Clerk of the Louisiana Supreme Court.

copies of which are included in Volume 3 of the state court record, and it is clear that no challenge to the validity of § 15:571.5 is included in any of the applications. Therefore, petitioner's first claim is unexhausted.[9]

Out of an abundance of caution, the undersigned also notes that petitioner arguably incorporates a new but related claim in his reply to the state's response. In that reply, he seems to argue that his rights were violated due to the fact that he was not informed of the "mandatory imposition of parole supervision" during his criminal proceedings.[10] Even if the Court considers that reference to be a valid amendment to his petition to assert a separate and distinct claim, that claim is likewise unexhausted because it, too, was not raised in petitioner's Louisiana Supreme Court writ applications.[11]

---

[9] This, of course, assumes that the "parole hold" petitioner references in his first claim in fact stems from the convictions he lists in his federal application. Nevertheless, even if the alleged "parole hold" stems from some other conviction not listed, the Court notes that there is no indication that petitioner has ever raised his challenge to § 15:571.5 in the Louisiana Supreme Court with respect to any conviction. On the contrary, in his reply to the state's response, petitioner indicates that he has not sought review of the claim by the Louisiana Supreme Court. See Rec. Doc. 14, p. 3.

[10] Rec. Doc. 14, p. 2.

[11] Moreover, in any event, the Court notes that petitioner's suggestion that the imposition of parole supervision under § 15:571.5 is "mandatory" is simply wrong. As was explained to another petitioner raising such a challenge:

> Prior to his release under those conditions, petitioner had a choice -- he could chose [sic] to serve out his full term of imprisonment without parole, or he could choose early release, but conditioned upon compliance with the terms of his release for diminution of sentence under La. R.S. 15:571.5. See, Bancroft v. Louisiana Department of Corrections, 635 So.2d 738 (La.App. 1st Cir. 1994) (holding that an inmate did not sign parole conditions release form under "duress," even though such signing was a prerequisite to his release from custody, but rather, he chose early condition release over the option of serving the remainder of his sentence, and further holding that upon revocation being recommitted to the DOC for the remainder of his original full term which was without the benefit of parole did not amount to his being subjected to more onerous punishment); see also Malava v. State of Louisiana, Dept. of Public Safety, 2001 WL 630472 (E.D. La., 2001).
> He chose early release under the terms stipulated in the statute. Petitioner has not shown how Louisiana's statutory scheme, either as written or as applied in his case, violates the Constitution, laws, or treaties of the United States.

Sweeney v. Louisiana Department of Corrections, Civil Action No. 09-0324, 2009 WL 1674644, at *2-3 (W.D. La. June 15, 2009).
Similarly, if the instant petitioner objects to parole supervision in exchange for an early release, he can simply decline early release, stay in jail, and serve his full sentences. The fact that he might find that option equally unappealing is of no constitutional moment and in no way impacts the validity of his convictions or sentences.

As to the second claim listed in petitioner's original application, that claim challenges the conditions of his confinement. However, it is clear that unless a determination in a petitioner's favor on such a claim would automatically result in his accelerated release, then the proper vehicle for such a challenge is a federal civil rights complaint, *not* a habeas petition. Carson v. Johnson, 112 F.3d 818, 820, 21 (5th Cir. 1997); accord Lineberry v. United States, 380 Fed. App'x 452, 453 (5th Cir. 2010); Banks v. Pearson, 335 Fed. App'x 439, 440 (5th Cir. 2009); Spencer v. Bragg, 310 Fed. App'x 678, 679 (5th Cir. 2009); Bender v. Keffer, No. 09-0828, 2009 WL 2899045, at *2 (W.D. La. Sept. 9, 2009); Haywood v. Quarterman, Civ. Action No. H-09-0197, 2009 WL 464076, at *1 (S.D. Tex. Feb. 20, 2009). Accordingly, petitioner's conditions of confinement claim is not cognizable in this habeas proceeding, because a determination in petitioner's favor on that claim clearly would not automatically result in his accelerated release.

The undersigned further notes that it would be inappropriate to construe petitioner's filing in part as a § 1983 action, because he in fact filed a separate § 1983 action challenging the conditions of his confinement at the same time he filed the instant federal application. In that lawsuit, his federal civil rights claims were dismissed with prejudice as frivolous and/or for failing to state a claim on which relief may be granted. Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-1263, 2015 WL 1897683 (E.D. La. Apr. 27, 2015).[12] Therefore, it would be futile to construe the petition in this manner because his federal civil rights claim would be subject to immediate dismissal as malicious.[13]

---

[12] Further, along with other inmates, he also subsequently filed yet another federal civil rights action challenging the conditions of confinement at the Jefferson Parish Correctional Center which was likewise dismissed as frivolous and/or for failing to state a claim on which relief may be granted. Billizone v. Jefferson Parish Correctional Center, Civ. Action No. 14-2594, 2015 WL 966149 (E.D. La. Mar. 4, 2015).

[13] With respect to a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the court shall "dismiss the complaint, or any portion of the complaint, if the complaint … is … malicious …." 28 U.S.C. § 1915A. A complaint is malicious if the plaintiff is asserting against the same or different defendants virtually identical causes of action "arising from the same series of events and alleging many of the same facts as an earlier suit." Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Ernest Billizone, Sr., be **DISMISSED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[14]

New Orleans, Louisiana, this twentieth day of June, 2016.

_Daniel E. Knowles, III_
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.